**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

COMMUNITY REHABILITATION
CENTER, INC.,

    Plaintiff/Counter-Defendant,

vs.                        Case No.  3:25-cv-1169-MMH-PDB

SISSINE OFFICE SYSTEMS, INC.,

    Defendant/Counter-Plaintiff.

_____/

## ORDER

    **THIS CAUSE** is before the Court <u>sua</u> <u>sponte</u>. On March 6, 2026, Plaintiff filed a Notice of Voluntary Dismissal of Counts III, IV, V, and VI Without Prejudice (Doc. 38; Notice), purporting to voluntarily dismiss all of its claims pending before the Court. <u>See</u> Notice ¶¶ 1, 4. Plaintiff represents that Defendant does not oppose the relief requested in the Notice. <u>See</u> <u>id.</u> ¶ 3. However, the Notice fails to comply with the Federal Rules of Civil Procedure (Rule(s)). And, even construing the Notice as a motion, the dismissal of this action is complicated by Defendant's pending counterclaim. Accordingly, the Court will (1) direct Defendant to file a notice stating whether it objects to the dismissal of this action, including its counterclaim, without prejudice, and (2) provide a deadline for the filing of a response if Defendant objects.

Rule 41(a)(1) provides that, generally, a plaintiff may voluntarily dismiss an action without a court order by filing a notice of dismissal <u>before the defendant serves an answer</u> or motion for summary judgment. Rule 41(a)(1)(A) (emphasis added). Once the defendant serves an answer or motion for summary judgment, Rule 41(a)(2) governs a plaintiff's ability to voluntarily dismiss an action without prejudice. <u>See</u> Rule 41(a)(1)–(2); <u>see also</u> <u>Pontenberg v. Boston Scientific Corp.</u>, 252 F.3d 1253, 1255 (11th Cir. 2001). Specifically, Rule 41(a)(2) permits a plaintiff to voluntarily dismiss an action without prejudice only "<u>by court order</u>, on terms that the court considers proper." Rule 41(a)(2) (emphasis added). This dismissal is without prejudice unless otherwise specified in the order of dismissal. <u>See</u> <u>id.</u>; <u>see also</u> <u>Pontenberg</u>, 252 F.3d at 1255. However, "[i]f the defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication." Rule 41(a)(2).

In the Notice, Plaintiff incorrectly "submit[s] that no further order of the Court is required currently." <u>See</u> Notice ¶ 5. But Defendant has already served an answer. <u>See</u> Answer, Affirmative Defenses, and Counterclaim (Doc. 9; Answer and Counterclaim), filed October 7, 2025. Therefore, Plaintiff may only voluntarily dismiss this action by court order. <u>See</u> Rule 41(a)(1)–(2). And, because Defendant has pleaded a counterclaim, <u>see</u> Answer and Counterclaim

at 21–24, this action may only be dismissed over Defendant's objection "if the counterclaim can remain pending for independent adjudication," see Rule 41(a)(2), or if Defendant agrees to the voluntary dismissal of the entire action, including the counterclaim. As such, the Court will order Defendant to file a notice indicating whether it objects to the dismissal of this action, including its pending counterclaim, without prejudice. The Court will also provide a deadline for Defendant to file a response to Plaintiff's Notice if it objects.

Accordingly, it is

**ORDERED:**

1. On or before **March 18, 2026**, Defendant shall file a notice on the docket indicating whether it objects to the dismissal of this action, including its pending counterclaim, without prejudice.

2. If Defendant objects to the dismissal of this action without prejudice, Defendant shall have up to and including **March 27, 2026**, to file a response to Plaintiff's Notice.

**DONE AND ORDERED** in Jacksonville, Florida this 12th day of March, 2026.

MARCIA MORALES HOWARD
United States District Judge

- 3 -

- 4 -

Lc35

Copies to:

Counsel of Record