**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

COMMUNITY REHABILITATION
CENTER, INC.,

   Plaintiff/Counterclaim Defendant,

vs.                                                          Case No.  3:25-cv-1169-MMH-PDB

SISSINE OFFICE SYSTEMS, INC.,

   Defendant/Counterclaim Plaintiff.

_____/

## <u>ORDER</u>

     **THIS CAUSE** is before the Court on Plaintiff's Notice of Voluntary Dismissal of Counts III, IV, V and Count VI Without Prejudice (Doc. 38; Notice of Dismissal of State Claims), filed March 6, 2026. There, Plaintiff purports to voluntarily dismiss its remaining claims against Defendant without prejudice. <u>See</u> Notice of Dismissal of State Claims ¶ 1. Because, in attempting to unilaterally dismiss claims after Defendant had filed an answer, Plaintiff failed to comply with Rule 41 of the Federal Rules of Civil Procedure (Rule(s)), the Court gave Defendant an opportunity to advise if it objected to Plaintiff's request. <u>See</u> Order (Doc. 39), entered March 12, 2026. Defendant responded advising the Court that it does not object to the dismissal of Plaintiff's claims but objects to the dismissal of its counterclaim which Defendant asserts should

be remanded to the state court where this action was initiated. See Defendant's Notice of Non-Objection to Plaintiff's Notice of Dismissal (Doc. 40; Notice of Non-Objection), filed March 18, 2026, ¶¶ 1, 2. On this record, although Plaintiff failed to comply with Rule 41, the Court construes the Notice of Dismissal of State Claims as a motion for dismissal of Plaintiff's claims to which Defendant consents and will grant the motion. Upon doing so, the Court finds that Defendant's remaining counterclaim is due to be remanded to state court.

## I.   Background

On September 10, 2025, Plaintiff initiated this action in state court, asserting claims under both federal and state law. See generally Complaint (Doc. 6), filed October 1, 2025. Defendant removed the action from state court to this Court on September 30, 2025, invoking the Court's federal question jurisdiction, see 28 U.S.C. § 1331, and supplemental jurisdiction, see 28 U.S.C. § 1367(a). See Defendant, Sissine Office Systems, Inc.'s Notice of Removal (Doc. 1), ¶ 6. Defendant then filed its Answer, Affirmative Defenses, and Counterclaim (Doc. 9; Answer and Counterclaim) on October 7, 2025, notably including a counterclaim for breach of contract against Plaintiff. See Answer and Counterclaim at 21–24.

On December 17, 2025, Plaintiff filed a Notice of Voluntary Dismissal of Counts I and Count II without Prejudice (Doc. 19; Notice of Dismissal of Federal Claims). There, Plaintiff purported to voluntarily dismiss its federal claims

without prejudice based on the findings from its own investigation that "no evidence . . . support[ed] continuation of the federal statutory claims asserted in Counts I and II." See Notice of Dismissal of Federal Claims ¶ 2. On December 22, 2025, the Court, construing the Notice of Dismissal of Federal Claims as a motion and noting that it was unopposed, dismissed Counts I and II without prejudice. See Order (Doc. 26; Dismissal Order). Now, Plaintiff purports to voluntarily dismiss the remainder of its claims against Defendant. See Notice of Dismissal of State Claims ¶¶ 1, 4. Defendant does not object to the dismissal of Plaintiff's claims without prejudice but asserts that its counterclaim should be remanded to the Fourth Judicial Circuit in and for Duval County, Florida. See Notice of Non-Objection ¶¶ 1, 2.

## II. Discussion

### A. Dismissal of Plaintiff's Claims

Rule 41(a)(1) provides that, generally, a plaintiff may voluntarily dismiss an action without a court order by filing a notice of dismissal <u>before the defendant serves an answer</u> or motion for summary judgment. Rule 41(a)(1)(A).[1] Once the defendant serves an answer or motion for summary judgment, "Rule 41(a)(2) permits a plaintiff to dismiss voluntarily an action only

---

[1] A plaintiff may also voluntarily dismiss an action without a court order by filing "a stipulation of dismissal signed by all parties who have appeared." Rule 41(a)(1)(A)(ii). This, Plaintiff did not do.

'upon order of the court and upon such terms and conditions as the court deems proper.'" <u>Pontenberg v. Boston Scientific Corp.</u>, 252 F.3d 1253, 1255 (11th Cir. 2001) (citing Rule 41(a)(2)). Such a dismissal is without prejudice unless otherwise specified in the order of dismissal. <u>See</u> <u>id.</u>; Rule 41(a)(2). Notably, "[i]f a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication." Rule 41(a)(2).

Here, because Defendant has already served an answer, Plaintiff may not voluntarily dismiss its action by simply filing a notice. <u>See</u> Rule 41(a)(1)(A)(i). However, because Defendant agrees to the dismissal of Plaintiff's claims without prejudice, <u>see</u> Notice of Non-Objection ¶ 1, the Court will construe the Notice of Dismissal of State Claims as a motion for dismissal and grant it.

### B. The Court's Jurisdiction

Following the dismissal of Plaintiff's claims, only Defendant's state law counterclaim remains pending before the Court. As such, because the Court has dismissed all claims over which it has original jurisdiction, <u>see</u> Dismissal Order (dismissing Plaintiff's claims arising under federal law), the Court next considers whether to continue to exercise supplemental jurisdiction over Defendant's counterclaim.

Under 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy … ." 28 U.S.C. § 1367(a). "The decision to exercise supplemental jurisdiction over pend[e]nt state claims rests within the discretion of the district court." Raney v. Allstate Ins. Co., 370 F.3d 1086, 1088–89 (11th Cir. 2004). Pursuant to 28 U.S.C. § 1367(c), the Court may decline to exercise supplemental jurisdiction over a state claim if it "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Upon determining that it has this discretion to decline jurisdiction, "[a district court] should consider the traditional rationales for pendent jurisdiction[2] …." Palmer v. Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1569 (11th Cir. 1994) (footnote added). In particular, "considerations of judicial economy, convenience, fairness, and comity may influence the court's discretion to exercise supplemental jurisdiction." Ameritox, Ltd. v. Millennium Lab'ys, Inc., 803 F.3d 518, 537 (11th Cir. 2015) (quoting Baggett v. First Nat'l Bank of Gainesville, 117 F.3d 1342, 1353 (11th Cir. 1997)).

When, as here, a plaintiff's federal claims are dismissed prior to trial, the

---

[2] Pendent jurisdiction is now referred to as supplemental jurisdiction.

Eleventh Circuit Court of Appeals has "encouraged district courts to dismiss any remaining state claims." Raney, 370 F.3d at 1089; Busse v. Lee Cnty., 317 F. App'x 968, 973–74 (11th Cir. 2009) ("Since the district court 'had dismissed all claims over which it has original jurisdiction,' it therefore had the discretion not to exercise supplemental jurisdiction over [Appellant's] state law claims. 28 U.S.C. § 1367(c)(3). Furthermore, we expressly encourage district courts to take such action when all federal claims have been dismissed pretrial."); see also Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988), abrogated on other grounds by Royal Canin U.S.A., Inc. v. Wullschleger, 604 U.S. 22, 39–41 (2025) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.").[3]

Here, upon consideration of the § 1367 factors and the "traditional

---

[3] The Court notes that Cohill has been abrogated to the extent that it suggests courts have the discretion to retain supplemental jurisdiction over state law claims after a plaintiff removes federal claims by amending the complaint. See Royal Canin, 604 U.S. at 25–26, 39–41 (explaining that "[w]hen an amendment excises the federal-law claims that enabled removal, the federal court loses its supplemental jurisdiction over the related state-law claims" and declining to follow contrary dictum in Cohill). Cohill has also been abrogated by 28 U.S.C. § 1447(c) to the extent Cohill holds courts may dismiss rather than remand removed claims over which the court lacks jurisdiction. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Cohill remains good law in that it sets forth the considerations relevant to a court's discretion to exercise supplemental jurisdiction in other circumstances.

rationales for pendent jurisdiction, including judicial economy and convenience," see Palmer, 22 F.3d at 1569, the Court will decline to exercise supplemental jurisdiction over the remaining claim. Indeed, the only remaining cause of action, Defendant's counterclaim, is a uniquely state law claim best addressed by the state courts. See Answer and Counterclaim at 21–24. And the early procedural posture of the case weighs in favor of declining jurisdiction to allow the case to proceed fully in state court. This case has not been pending for an extended period of time, the Court has not issued any dispositive rulings pertaining to the counterclaim, and the discovery deadline has not yet passed. See Case Management and Scheduling Order and Referral to Mediation (Doc. 16), entered November 13, 2025. Moreover, Defendant, the party that invoked the Court's jurisdiction, agrees that its counterclaim should be remanded to state court, and Plaintiff has stated no objection to the remand. See Notice of Non-Objection ¶ 2; see also Endorsed Order (Doc. 41), entered March 19, 2026, (giving Plaintiff an opportunity to respond to Defendant's Notice of Non-Objection). As such, the Court will remand Defendant's counterclaim to state court. See Lewis v. City of St. Petersburg, 260 F.3d 1260, 1267 (11th Cir. 2001) (directing the district court to remand, rather than dismiss, state law claims over which it declines to exercise supplemental jurisdiction when the case was originally filed in state court and then removed to federal court).

Despite declining to exercise supplemental jurisdiction over Defendant's

counterclaim, the Court will retain jurisdiction to enforce a prior order entered by the Court imposing sanctions on Plaintiff. On February 27, 2026, following a hearing on Defendant's Motion to Compel Against Plaintiff and Incorporated Memorandum of Law (Doc. 33; Motion to Compel), filed February 4, 2026, the Magistrate Judge ordered Plaintiff's counsel "to pay [Defendant's] reasonable expenses incurred in making the [Motion to Compel], including attorney's fees" pursuant to Rule 37(a)(5)(A). See Order (Doc. 36; Sanctions Order), filed February 27, 2026, at 1. As such, the Court will retain jurisdiction to ensure compliance with the Sanctions Order.

### III.   Conclusion

Construing Plaintiff's Notice of Dismissal of State Claims as a motion, the Court will dismiss Plaintiff's claims against Defendant. Having dismissed all claims over which it had original jurisdiction, the Court will decline to exercise supplemental jurisdiction over Defendant's counterclaim. As such, this action is due to be remanded to state court. However, the Court will retain jurisdiction to enforce the Sanctions Order.

Accordingly, it is

**ORDERED:**

1. Plaintiff's Notice of Voluntary Dismissal of Counts III, IV, V and Count VI Without Prejudice (Doc. 38), which this Court construes as a motion for dismissal, is **GRANTED**.

2. Counts III, IV, V, and Count VI of the Complaint are **DISMISSED without prejudice**.

3. Defendant's counterclaim is **REMANDED** to the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida for all further proceedings. However, the Court retains jurisdiction to enforce its prior orders.

4. The Clerk of the Court is **DIRECTED** to transmit a certified copy of this Order to the clerk of Fourth Judicial Circuit, in and for Duval County, Florida.

5. The Clerk of the Court is further **DIRECTED** to terminate all pending motions, close the file, and enter judgment dismissing Plaintiff's claims without prejudice.

**DONE AND ORDERED** in Jacksonville, Florida this 3rd day of April, 2026.

**MARCIA MORALES HOWARD**
United States District Judge

Lc35
Copies to:
Counsel of Record
Clerk, Fourth Judicial Circuit